**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 11, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

CARL HASKELL,

        Petitioner-Appellant,

v.

CHARLES A. DANIELS, Warden,

        Respondent-Appellee.

No. 12-1384

(D. of Colo.)

(D.C. No. 12-cv-01360-LTB)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.[**]

---

Carl Haskell appeals *pro se* the dismissal of his petition for writ of habeas

corpus under 28 U.S.C. § 2241 and moves for leave to proceed *in forma pauperis*

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

on appeal.[1]  We deny Haskell's motion and affirm the district court's dismissal of the habeas petition.

## I. Background

Following a jury trial in 2002 in the Western District of Missouri, Haskell was convicted of murdering a federal witness in violation of 18 U.S.C. § 1512(a)(1)(C), among other statutes, and conspiracy to murder a federal witness in violation of 18 U.S.C. § 371.  He was sentenced to life in prison plus five years.  On direct appeal, his conviction was affirmed.  *United States v. Haskell*, 468 F.3d 1064 (8th Cir. 2006), *cert. denied*, 550 U.S. 965 (2007).

After the appeal, Haskell exercised his right under 28 U.S.C. § 2255 to collaterally attack the conviction.  According to § 2255(e), a prisoner may collaterally attack his conviction only if he files his motion for relief in "the court which sentenced him . . . ."  *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996) (dismissing without prejudice a collateral attack on the legality of a prisoner's detention so the prisoner could refile in the court in which he was sentenced).  Haskell filed his § 2255 motion in the Western District of Missouri, but the motion was denied on the merits.  *Haskell v. United States*, No. 08-0377-CV-W-FJG, 2009 WL 877681 (W.D. Mo. Mar. 30, 2009).

---

[1]  We have jurisdiction under 28 U.S.C. §§ 1291 and 2253(a), and we construe Haskell's filings liberally because he is proceeding *pro se*.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 & n.3 (10th Cir. 1991).

When a prisoner is denied relief on his first § 2255 motion, as happened here, the prisoner cannot file a second § 2255 motion unless he can point to either "newly discovered evidence" or "a new rule of constitutional law," as those terms are defined in § 2255(h). *See Prost v. Anderson*, 636 F.3d 578, 581 (10th Cir. 2011). The prisoner can, however, file a habeas petition in the district in which he is incarcerated under 28 U.S.C. § 2241, but only if he first shows that a § 2255 motion is "inadequate or ineffective to test the legality of his detention." *Id.* (quoting § 2255(e)). *See generally id.* at 582–84. "Failure to obtain relief under [§] 2255 does not establish that the remedy so provided is either inadequate or ineffective." *Bradshaw*, 86 F.3d at 166 (internal citation and quotation marks omitted).

Haskell was serving his sentence in the United States Penitentiary in Florence, Colorado, when he initiated this action in the District of Colorado by filing *pro se* an application for a writ of habeas corpus pursuant to § 2241.[2] In his application, Haskell alleged, first, that his conviction for murdering a federal witness in violation of § 1512(a)(1) must be vacated in light of *Fowler v. United States*, 131 S. Ct. 2045 (2011) (holding that, in order to prove a violation of § 1512(a)(1)(C), the government must show a "reasonable likelihood" that a relevant communication would have been made to a federal officer but for the

---

[2] Haskell has since been transferred to the United States Penitentiary in Beaumont, Texas.

victim's death); second, that his conviction for conspiracy must be vacated in light of *Richardson v. United States*, 526 U.S. 813 (1999) (holding that, in order to find a violation of 21 U.S.C. § 848(a), the jury must unanimously agree the defendant committed each of the individual drug-statute violations which constitute a "continuing criminal enterprise"); and third, that he is actually innocent because there was insufficient evidence to convict him of either offense.

The district court rejected Haskell's application. The court concluded that Haskell failed to demonstrate the inadequacy or ineffectiveness of his prior § 2255 motion for relief, because, pursuant to our decision in *Prost*, a new Supreme Court case interpreting a statute is not a proper ground for concluding that a prior § 2255 action was "inadequate or ineffective." *See Prost*, 636 F.3d at 584. Further, reasoned the court, Haskell could have cited *Richardson*, a 1999 case, in his prior § 2255 motion (filed in 2008), and Haskell made no showing as to why he could not have fully briefed and argued his insufficiency-of-the-evidence claim in that same § 2255 motion as well. Consequently, the district court concluded Haskell was not entitled to habeas relief and dismissed his action. *See Haskell v. Daniels*, No. 12-cv-01360-LTB, 2012 WL 3591035 (D. Colo. Aug. 21, 2012).

## II.  Analysis

On appeal, Haskell argues that his prior § 2255 motion was inadequate or ineffective because *Fowler* was not available when he brought the motion, and in

-4-

*Fowler*, the Supreme Court reinterpreted § 1512(a)(1) such that the evidence at his trial was insufficient to sustain his conviction. The question before us, then, is whether a new Supreme Court decision reinterpreting a statute that may undo a prisoner's conviction renders the prisoner's initial § 2255 motion "inadequate or ineffective," thereby enabling the prisoner to pursue a habeas petition under § 2241.

This is a question we answered in the negative in *Prost*, and on that ground, we agree with the district court that Haskell cannot resort to § 2241 here.[3] In *Prost*, we held that if "a petitioner's argument challenging the legality of his detention could have been tested in an initial § 2255 motion[,] . . . then the petitioner may *not* resort to . . . § 2241." 636 F.3d at 584 (emphasis added). In his application for habeas relief, Haskell argued that the government failed to prove he knew his victim was in fact a federal witness at the time he murdered the victim, and therefore the government could not have convicted him for violating § 1512(a)(1) as a matter of law. But nothing about the procedure of Haskell's prior § 2255 motion prevented him from making this same argument then. Admittedly, he could not have relied on *Fowler*, a 2011 Supreme Court decision, when he brought his § 2255 motion in 2008.[4] But it was no different for the

---

[3] Our review of the district court's denial of Haskell's habeas corpus petition is *de novo*. *Bradshaw*, 86 F.3d at 166.

[4] We express no opinion on the applicability of *Fowler* to Haskell's claim.

(continued...)

petitioner in *Prost*—he too might have benefitted from a cite to a Supreme Court decision announced after his § 2255 motion, but we concluded that having a new Supreme Court decision to cite was not reason enough to find the original § 2255 motion "inadequate or ineffective." *Id.* at 589.

Nor do the cases Haskell cites in his brief—*In re Dorsainvil*, 119 F.3d 245 (3d Cir. 1997), and *Alaimalo v. United States*, 645 F.3d 1042 (9th Cir. 2011)—demand a different result. Our decision in *Prost* already addressed *In re Dorsainvil*, noting that the Third Circuit raised "an important question" about the existence of a constitutional exception to § 2255(h)'s bar to a second collateral attack but declining to address the question because the petitioner in *Prost* "at no point . . . develop[ed] any argument why [denying him access to § 2241 or to a second § 2255 would violate the Constitution], or even identif[ied] what provision of the Constitution he thinks would be offended by the imposition of § 2255(h)'s bar in his case." 636 F.3d at 594. Haskell's brief is similarly deficient, so we again decline to address this question. *See* Aplt. Br. at 4 (arguing he should be

---

[4](...continued)
We do note, however, that Haskell misstates the *Fowler* holding. According to Haskell, the Supreme Court held that, to prove a violation of § 1512(a)(1), the government must present evidence showing "beyond a reasonable doubt" that the defendant "kn[e]w that the victim murdered was a federal witness . . . ." R., Vol. I, at 13 (Haskell's brief to the district court) (emphasis omitted). In fact, the *Fowler* Court held that, to prove a violation of § 1512(a)(1)(C) specifically, the government must show "that there was a *reasonable likelihood* that a relevant communication would have been made to a federal officer" but for the victim's death. 131 S. Ct. at 2048 (emphasis in original).

able to once again collaterally attack his conviction "to avoid a miscarriage of justice," but failing to develop any constitutional argument justifying the creation of a new exception to § 2255(h) or § 2255(e)).

And in *Prost* we directly rejected the Ninth Circuit's position as expressed most recently in *Alaimalo*. *See Prost*, 636 F.3d at 589 (rejecting prior Ninth Circuit precedent, *Harrison v. Ollison*, 519 F.3d 952 (9th Cir. 2008)); *Alaimalo*, 645 F.3d at 1047–48 (following *Harrison*'s approach).

In sum, Haskell's position has been fully addressed—and rejected—in *Prost*. And "[w]e cannot overrule the judgment of another panel of this court. We are bound by the precedent of prior panels absent en banc reconsideration or a superseding contrary decision by the Supreme Court." *In re Smith*, 10 F.3d 723, 724 (10th Cir. 1993). Because Haskell could have made all of the arguments he made below in his prior § 2255 motion, we cannot say that his § 2255 motion was "inadequate or ineffective" under the savings clause of § 2255(e). Haskell therefore cannot bring this habeas petition under § 2241.

## III. Conclusion

Accordingly, we AFFIRM the district court below, and we DENY Haskell's motion for leave to proceed *in forma pauperis*.

Entered for the Court,

Timothy M. Tymkovich
Circuit Judge

-7-