Opinion by Judge B. FLETCHER; Dissent by Judge KORMAN.
ORDERS
B. FLETCHER, Circuit Judge:
The opinion filed on February 28, 2011 is amended as follows:
1. On page 2944 of the slip opinion, 636 F.3d at 1098, delete the following sentence:
We conclude that neither doctrine bars consideration of Alaimalo’s petition because failure to entertain his claim of actual innocence would constitute manifest injustice.
2. Replace that sentence with:
We conclude that neither doctrine bars consideration of Alaimalo’s petition.
3. On page 2944 of the slip opinion, 636 F.3d at 1098, delete the following sentence:
Even if the government had met its burden, we conclude that the abuse of the writ doctrine would not bar reconsideration of Alaimalo’s claim because failure to entertain his claim would result in a fundamental miscarriage of justice.
4. Replace that sentence with:
Therefore, we do not reach this issue.
5. On page 2947 of the slip opinion, 636 F.3d at 1100, delete the following sentence:
We REVERSE and REMAND to the district court with instructions to issue the writ of habeas corpus, vacate Alaimalo’s convictions for importation, and re-sentence Alaimalo on the remaining counts.
6. Replace that sentence with:
We REVERSE and REMAND to the district court with instructions to issue the writ of habeas corpus, and vacate Alaimalo’s convictions for importation.
The dissent filed on February 28, 2011 is amended as follows:
1. On page 2961 of the slip opinion, 636 F.3d at 1108, delete the following four sentences:
Although it suggests that neither of these doctrines are applicable here, it avoids resolving that issue because it concludes that both of those doctrines contain an exception where relief is necessary to remedy a “fundamental miscarriage of justice,” Majority Op. at *1045 1098, or a “manifest injustice,” id. at 1098-99. The majority holds that this exception to both doctrines is satisfied here. I disagree.
I first address this threshold issue, because it relates both to the law of the case and the abuse of the writ doctrines.
2. Replace those sentences with the following:
The majority holds that the law of the case doctrine is not applicable here because “failure to entertain Alaimalo’s claim would result in manifest injustice.” Majority Op. at 1099. And the majority rejects the abuse of the writ doctrine on the ground that the government bears the burden to raise it and failed to do so. I first address the issue of manifest injustice, because it relates both to the law of the case and the abuse of the writ doctrines, although the majority does not rely on it with respect to the latter.
OPINION
Vaatausili Mark Alaimalo, a federal prisoner, appeals the dismissal of his habeas corpus petition brought under 28 U.S.C. § 2241. We first must determine whether we have jurisdiction to consider this petition, brought without a certificate of appealability (“COA”). Alaimalo has demonstrated both actual innocence and that his actual innocence claim was not available to him on direct appeal or when he filed his first motion for habeas relief under 28 U.S.C. § 2255. We conclude that we have jurisdiction to consider his petition for habeas relief brought under 28 U.S.C. § 2241 without a COA.
We must also determine whether we should give preclusive effect, under either the law of the case or abuse of the writ doctrines, to a prior panel’s denial on the merits of Alaimalo’s October 2006 § 2241 petition. Because we hold that Alaimalo is actually innocent and that failing to consider his habeas petition would result in manifest injustice, we decline to do so.
FACTS
Alaimalo was convicted in 1997 of three counts of importing methamphetamine from California to Guam in violation of 21 U.S.C. §§ 952(a) & 960 and three counts of possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a). For each of his three importation convictions, he received a life sentence; for the three possession convictions, he received two life sentences and one sentence of 360 months. All of his sentences run concurrently.
In the § 2241 habeas petition before this panel, Alaimalo claims that he is actually innocent of importing methamphetamine from California to Guam. He argues that transporting drugs from one location within the jurisdiction of the United States (California) to another location within the jurisdiction of the United States (Guam) was not “importation” prohibited by 21 U.S.C. § 952(a).
Alaimalo first raised this claim of actual innocence on direct appeal. The Ninth Circuit affirmed Alaimalo’s convictions and sentences in an unpublished decision. See United States v. Alaimalo, No. 97-10454, 1998 WL 852911 (9th Cir. Dec. 2, 1998). The court did not address Alaimalo’s claim that his conduct did not qualify as importation. Id.
In 1999, Alaimalo timely filed a motion for habeas relief under 28 U.S.C. § 2255. Appearing pro se, Alaimalo argued that his trial and appellate counsel were constitutionally ineffective. The district court denied the motion on the merits and the Ninth Circuit affirmed in 2002. See United States v. Alaimalo, 313 F.3d 1188 (9th Cir.2002).
*1046 In 2003, a Ninth Circuit en banc court held that transporting drugs from one location within the United States (California) to another (Guam) does not constitute importation within the meaning of 21 U.S.C. § 952(a). United States v. Cabaccang, 332 F.3d 622, 623 (9th Cir.2003) (en banc). Cabaccang overruled two previous decisions holding that transporting drugs over or through international waters constituted importation. See Guam v. Sugiyama, 846 F.2d 570, 572 (9th Cir.1988); United States v. Perez, 776 F.2d 797, 801 (9th Cir.1985); see also Cabaccang at 634-35.
In March 2005, relying on Cabaccang, Alaimalo filed a habeas petition under 28 U.S.C. § 2241 in the Eastern District of California. He argued that he was actually innocent of the importation charges. The court found that Alaimalo was actually innocent, but that he could not proceed under § 2241 because he could have raised his innocence claim at sentencing, on direct appeal, and in his first § 2255 motion. The district court dismissed the petition for lack of jurisdiction, and Alaimalo’s appeal to the Ninth Circuit was dismissed in an unpublished order as untimely. Alaimalo v. Shultz, No. 06-15658 (9th Cir. June 9, 2006).
In October 2006, Alaimalo filed a second § 2241 petition in the Central District of California. Appearing pro se, he raised, among other claims, an actual innocence claim based on Cabaccang. The district court dismissed his petition for lack of jurisdiction, holding that Alaimalo could have raised his claims in an earlier § 2255 motion. Alaimalo appealed. In September 2008, in a three paragraph unpublished disposition, the Ninth Circuit affirmed the dismissal of Alaimalo’s October 2006 § 2241 petition. See Alaimalo v. United States, 317 Fed.Appx. 619 (9th Cir.2008) (“Alaimalo II”).
In February 2008, while Alaimalo II was pending, Alaimalo submitted another § 2241 habeas petition raising the Cabaccang argument to the Central District of California. The district court dismissed the petition for lack of jurisdiction. Alaimalo filed a timely notice of appeal. After the district court declined to issue a COA, the Ninth Circuit resumed jurisdiction and the appeal was submitted to this panel.
DISCUSSION
I. The Court Has Appellate Jurisdiction Despite the Lack of a Certificate of Appealability
At the threshold, we must determine whether we have jurisdiction to consider Alaimalo’s appeal from the dismissal of his February 2008 petition without a COA.[1] As a general rule, “[section] 2255 provides the exclusive procedural mechanism by which a federal prisoner may test the legality of his detention.” Ivy v. Pontesso, 328 F.3d 1057, 1059 (9th Cir.2003); Lorentsen v. Hood, 223 F.3d 950, 953 (9th Cir.2000). To challenge a sentence that was imposed “in violation of the Constitution or laws of the United States,” a federal prisoner may “move the court which imposed the sentence to vacate, set aside or correct the sentence” pursuant to 28 U.S.C. § 2255. A prisoner may appeal *1047 the denial of a § 2255 motion only if the Ninth Circuit or the district court issues a COA. 28 U.S.C. § 2253(c)(1)(B).
However, a federal prisoner may file a habeas petition under § 2241 if the remedy provided by § 2255 is “inadequate or ineffective to test the legality of his detention.” 28 U.S.C § 2255(e); see also Harrison v. Ollison, 519 F.3d 952, 956 (9th Cir.2008). This is called the “savings clause” or “escape hatch” of § 2255. Harrison, 519 F.3d at 956. A petition meets the escape hatch criteria where a petitioner “(1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim.” Stephens v. Herrera, 464 F.3d 895, 898 (9th Cir.2006) (internal quotation marks omitted).
Where a petition purportedly brought under § 2241 is merely a “disguised” § 2255 motion, the petitioner cannot appeal the denial of that petition absent a COA; a valid § 2241 petition, however, must be considered, even absent a COA. Harrison, 519 F.3d at 958-59. Because we “retain jurisdiction to determine our jurisdiction,” we proceed to consider whether “the district court was correct in determining that [Alaimalo’s] pleading, framed as a § 2241 petition, did not qualify for the escape hatch of § 2255.” Harrison, 519 F.3d at 959 (quotation marks omitted). We review the dismissal of a habeas petition de novo. Ivy, 328 F.3d at 1059.
A. Actual Innocence
To establish actual innocence for the purposes of habeas relief, a petitioner “must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him.” Stephens, 464 F.3d at 898 (quoting Bousley v. United States, 523 U.S. 614, 623, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998)). A petitioner is actually innocent when he was convicted for conduct not prohibited by law. See Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir.2001) (summarizing the tests employed by the circuit courts to determine actual innocence).
Alaimalo has made a showing of actual innocence. He was convicted of importing methamphetamine from California to Guam, which Cabaccang held is not a crime. Cabaccang, 332 F.3d at 637. Further, we note that the government does not contest Alaimalo’s actual innocence.
B. Prior Opportunities to Raise Actual Innocence Claim
We turn to the question of whether Alaimalo’s actual innocence claim was unavailable to him during his direct appeal and his first § 2255 motion. In making this determination, we consider “(1) whether the legal basis for petitioner’s claim did not arise until after he had exhausted his direct appeal and first § 2255 motion; and (2) whether the law changed in any way relevant to petitioner’s claim after that first § 2255 motion.” Harrison, 519 F.3d at 960 (internal quotation marks omitted).
An intervening court decision must “effect a material change in the applicable law” to establish unavailability. Harrison, 519 F.3d at 960. See also In re Davenport, 147 F.3d 605, 607, 610 (7th Cir.1998) (holding that the Supreme Court’s decision in Bailey v. United States, 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995), effected a material change in the law because the circuit previously held that accessability of a firearm was enough to support an inference that a firearm was used in a drug crime, whereas Bailey required active employment of the firearm); Triestman v. United States, 124 F.3d 361 (2d Cir.1997); In re Dorsainvil, 119 F.3d *1048 245 (3d Cir.1997). In contrast, a decision that simply “provides farther clarification” of the statute of conviction without “materially varying] from the statutory construction set forth” in previous case law does not effect such a change. See Harrison, 519 F.3d at 960 (holding that the Supreme Court’s decision in Jones v. United States, 529 U.S. 848, 120 S.Ct. 1904, 146 L.Ed.2d 902 (2000), did not effect a material change in the law but only clarified a prior Supreme Court decision and two Ninth Circuit opinions consistent with Jones’s holding).
We hold that Cabaccang effected a material change in the law applicable to Alaimalo’s case, such that the legal basis for his actual innocence claim did not be: come available until Cabaccang was decided. Prior to Cabaccang, the Ninth Circuit twice held that transporting drugs between Guam and another United States territory constituted “importation” because it required traveling through international waters or airspace. See Sugiyama, 846 F.2d at 572; Perez, 776 F.2d at 801. Cabaccang expressly overruled settled law. 332 F.3d at 635 (“To the extent that Sugiyama and Perez address the transport of drugs through international airspace on a nonstop domestic flight, they are overruled.”).
Alaimalo could not have raised his claim of innocence in an effective fashion prior to Cabaccang, at which point he had already exhausted his direct appeal and § 2255 motion. See Triestman 124 F.3d at 379; Davenport, 147 F.3d at 610; contra Harrison, 519 F.3d at 961 (noting that case law at the time of petitioner’s direct appeal and first § 2255 “invited the very argument” raised in the purported § 2241 petition); Abdullah v. Hedrick, 392 F.3d 957, 958, 963 (8th Cir.2004) (holding that where petitioner’s § 2255 motion was still pending at the time the Supreme Court effected a material change in the applicable law, he had an unobstructed chance to raise his actual innocence claim in the pending petition).
The government argues that Alaimalo’s actual innocence claim was available after 1996, when the First Circuit held that transporting drugs over international waters did not constitute “importation” within the meaning of 21 U.S.C. § 952(a). See United States v. Ramirez-Ferrer, 82 F.3d 1131, 1144 (1st Cir.1996) (en banc). We disagree. For the purposes of determining whether a claim was unavailable under § 2241, we look to whether controlling law in this circuit foreclosed petitioner’s argument. See, e.g., In re Jones, 226 F.3d 328, 333-34 (4th Cir.2000) (a claim is not available when “settled law of this circuit or the Supreme Court established the legality of conviction....”) (emphasis added); Davenport, 147 F.3d at 610 (holding that when “the law of the circuit was so firmly against him,” petitioner did not have to raise an issue to preserve it as a basis for collateral attack later on).
The mere possibility that the Ninth Circuit would overrule its previous holdings en banc did not make Alaimalo’s actual innocence claim “available” to him for the purposes of § 2241. If it did, there would be a legal basis for any actual innocence claim that is currently foreclosed by binding Ninth Circuit law, as there is always the infinitesimally small possibility of sudden en banc reversal.[2] Requiring a petitioner to raise all theoretically possible actual innocence claims in his first § 2255 motion would put an unreasonable burden *1049 on petitioners and the courts. “It would just clog the judicial pipes to require defendants, on pain of forfeiting all right to benefit from future changes in the law, to include challenges to settled law in their briefs on appeal and in postconviction filings.” Davenport, 147 F.3d at 610.
In sum, because Alaimalo did not have an unobstructed chance to present his innocence claim in his first § 2255 motion, he may now raise that claim in a § 2241 petition without a certificate of appealability. We have jurisdiction over Alaimalo’s appeal of the dismissal of his February 2008 § 2241 petition.
II. Neither the Abuse of the Writ Doctrine Nor the Law of the Case Precludes Consideration of Alaimalo’s Successive § 2241 Petition
We next consider whether this court’s denial of Alaimalo’s second § 2241 petition in Alaimalo II bars consideration of his subsequent § 2241 petition for habeas relief. We consider two common law doctrines that may apply here: abuse of the writ and the law of the case. We conclude that neither doctrine bars consideration of Alaimalo’s petition.
The doctrine of abuse of the writ generally “forbids the reconsideration of claims that were or could have been raised in a prior habeas petition.” Calderon v. United States Dist. Ct. (Kelly), 163 F.3d 530, 538 (9th Cir.1998) (en banc), overruled in part on other grounds by Woodford v. Garceau, 538 U.S. 202, 123 S.Ct. 1398, 155 L.Ed.2d 363 (2003). Under the abuse of the writ doctrine, a successive petition that raises identical grounds for relief as a prior petition must be dismissed unless the petitioner can show (1) cause for bringing a successive petition and that prejudice would result or (2) that a fundamental miscarriage of justice would result from failure to entertain the claim. See McCleskey v. Zant, 499 U.S. 467, 494-95, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991); Sanders v. United States, 373 U.S. 1, 15, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963). The government bears the burden of pleading abuse of the writ, McCleskey, 499 U.S. at 477, 111 S.Ct. 1454, but it did not do so here. Therefore, we do not reach this issue.
“The law of the case doctrine states that the decision of an appellate court on a legal issue must be followed in all subsequent proceedings in the same case.” In re Rainbow Magazine, Inc., 77 F.3d 278, 281 (9th Cir.1996). An appellate court is not required to follow the law of the case; whether to do so is discretionary. United States v. Lewis, 611 F.3d 1172, 1179 (9th Cir.2010) (citing Messinger v. Anderson, 225 U.S. 436, 444, 32 S.Ct. 739, 56 L.Ed. 1152 (1912)). According to the doctrine, however, a prior decision should be followed unless (1) the decision is clearly erroneous and its enforcement would work a manifest injustice; (2) intervening controlling authority makes reconsideration appropriate; or (3) substantially different evidence was adduced at a subsequent trial. Hegler v. Borg, 50 F.3d 1472, 1475 (9th Cir.1995).
Although it is clear that the law of the case doctrine applies to subsequent proceedings on the same habeas petition, this circuit has not applied it to claims in successive habeas petitions. Compare Phelps v. Alameida, 569 F.3d 1120, 1140 n. 23 (9th Cir.2009) (recognizing that a previous panel’s review of the same habeas petition is the law of the case) and United States v. Garcia, 77 F.3d 274, 276 (9th Cir.1996) (same), with Barapind v. Reno, 225 F.3d 1100, 1110-12 (9th Cir.2000) (considering the applicability of the abuse of the writ doctrine, not the law of the case, to a habeas petition brought under § 2241), and Farmer v. McDaniel, 98 F.3d 1548, *1050 1557-58 (9th Cir.1996) (applying abuse of the writ to a third habeas petition), abrogated on other grounds by Slack v. McDaniel, 529 U.S. 473, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). We also note that there is a split among our sister circuits as to whether to apply the law of the case to successive habeas petitions. Compare Rosales-Garcia v. Holland, 322 F.3d 386, 398 n. 11 (6th Cir.2003) (en banc) (“Whether successive habeas petitions constitute stages in a single, continuing lawsuit is a question that should be carefully considered ... [We] think it likely that each habeas petition is a separate and distinct case.”), and Lacy v. Gardino, 791 F.2d 980, 984 (1st Cir.1986) (“It is by no means clear that these two [successive] habeas petitions are part of the same case”), with Shore v. Warden, Stateville Prison, 942 F.2d 1117, 1123 (7th Cir.1991) (applying the law of the case doctrine to successive habeas petitions) and Raulerson v. Wainwright, 753 F.2d 869, 875 (11th Cir.1985) (same).
Ultimately, we need not resolve whether the law of the case applies to successive petitions for habeas relief under § 2241. Even assuming that the law of the case applies here, we do not follow Alaimalo II, which was clearly wrong as a matter of law, because failure to entertain Alaimalo’s claim would result in manifest injustice. The Supreme Court has made clear that federal courts must be mindful of the “ends of justice” before dismissing a successive habeas petition. See Kuhlmann v. Wilson, 477 U.S. 436, 451, 106 S.Ct. 2616, 91 L.Ed.2d 364 (1986) (plurality opinion, Powell, J., joined by Burger, Rehnquist, and O’Connor, J.J.); id. at 468-69, 106 S.Ct. 2616 (Brennan, J., dissenting); id. at 476-77, 106 S.Ct. 2616 (Stevens, J., dissenting). Alaimalo’s convictions and punishment on the importation charges “are for an act that the law does not make criminal. There can be no room for doubt that such a circumstance inherently results in a complete miscarriage of justice.” Bousley, 523 U.S. at 626, 118 S.Ct. 1604 (quoting Davis v. United States, 417 U.S. 333, 346-347, 94 S.Ct. 2298, 41 L.Ed.2d 109 (1974)) (quotation marks omitted); see also Engle v. Isaac, 456 U.S. 107, 135, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982) (stating that the principles of comity and finality “must yield to the imperative of correcting a fundamentally unjust incarceration”).
It is probable that vacating Alaimalo’s convictions for importation of methamphetamine will not reduce the length of his confinement; vacating these convictions, however, removes the possibility that he will be subject to their adverse collateral consequences. See Ball v. United States, 470 U.S. 856, 864-65, 105 S.Ct. 1668, 84 L.Ed.2d 740 (1985) (“[A] separate conviction, apart from the concurrent sentence, has potential adverse collateral consequences that may not be ignored.”) (emphasis in original); Spencer v. Kemna, 523 U.S. 1, 12, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998) (presuming significant collateral consequences in the context of criminal convictions); United States v. Kincaid, 898 F.2d 110, 112 (9th Cir.1990). Cf. Holloway v. United States, 393 F.2d 731, 732 (9th Cir.1968) (“Coram nobis must be kept available as a post-conviction remedy to prevent ‘manifest injustice’ even where the removal of a prior conviction will have little present effect on the petitioner.”).
We REVERSE and REMAND to the district court with instructions to issue the writ of habeas corpus, and vacate Alaimalo’s convictions for importation.

. We disagree with the dissent's conclusion that 28 U.S.C. § 2244(a) divests the district court of jurisdiction to consider a successive habeas petition brought under § 2241 unless the petitioner has obtained prior-approval pursuant to § 2244(b)(3). We agree with the Tenth Circuit’s conclusion that, by its terms, § 2244(a) "does not apply to claims that may be brought under § 2255.” See Stanko v. Davis, 617 F.3d 1262, 1269 (10th Cir.2010). As we will discuss, because Alaimalo's § 2241 petition is permitted by the "escape hatch” of 28 U.S.C. § 2255(e), his failure to seek prior-certification from the Court of Appeals did not divest the district court of jurisdiction in this case.

. Of the 4,337 cases decided on the merits by the Ninth Circuit Court of Appeals in 1998 (the year this court affirmed Alaimalo’s convictions on direct appeal), only 16 were heard en banc.