FILED

JUL 19 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DEANDRE MAURICE HOWARD, | No. 12-55158 |
| Petitioner - Appellee, | D.C. No. CV 07-2680 VAP (SH) |
| v. | |
| MARTIN BITER, Acting Warden, | MEMORANDUM[*] |
| Respondent - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, District Judge, Presiding

Argued and Submitted July 9, 2012
Pasadena, California

Before: TALLMAN and N.R. SMITH, Circuit Judges, and BENSON, District
Judge.[**]

Martin Biter, Acting Warden, appeals the district court's order granting

California state prisoner Deandre Maurice Howard's 28 U.S.C. § 2254 habeas

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The Honorable Dee V. Benson, District Judge for the U.S. District
Court for Utah, sitting by designation.

petition on the basis of ineffective assistance of counsel. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Howard was convicted of one count of first-degree murder and one count of attempted first-degree murder. He was sentenced to a term of seventy-five years to life in state prison, plus another consecutive life term. Howard filed a petition for writ of habeas corpus, alleging *inter alia,* that his trial counsel was ineffective for failing to interview, investigate and/or call the only surviving victim, Arthur Ragland, to testify on Howard's behalf at trial.

The district court initially denied Howard's § 2254 petition. On appeal, we reversed in part and remanded for an evidentiary hearing on Howard's ineffective assistance of counsel claim, stating that "if Ragland was ready and willing to testify as to Howard's innocence, and Howard was deprived of such testimony because of his attorney's shoddy investigation, our confidence in the jury's verdict would be significantly undermined." Howard v. Clark, 608 F.3d 563, 573 (9th Cir. 2010).[1]

Following the evidentiary hearing we ordered, the district court made numerous factual findings and determined that the evidence supported the

---

[1] This court is bound by the law of the case in matters concerning the same habeas petition. See Alaimalo v. United States, 645 F.3d 1042, 1049 (9th Cir. 2011).

conclusion we previously contemplated: that Ragland was ready and willing to testify that Howard was not the shooter, and Howard was deprived of this essential testimony because of counsel's deficient investigation.

The Warden has failed to satisfy the highly deferential standard of showing that the district court's factual findings were clearly erroneous. Because the district court's findings are "plausible in light of the record viewed in its entirety," they will not be reversed on appeal. McClure v. Thompson, 323 F.3d 1233, 1240 (9th Cir. 2003) (internal quotations marks omitted).

**AFFIRMED.**