**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| MARK ALAN LANE,<br><br>               Petitioner - Appellant,<br><br>  v.<br><br>MARION FEATHER,<br><br>               Respondent - Appellee. | No. 13-35676<br><br>D.C. No. 3:12-cv-02346-PA<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Oregon
Owen M. Panner, District Judge, Presiding

Submitted September 23, 2014[**]

Before:    W. FLETCHER, RAWLINSON, and CHRISTEN, Circuit Judges.

Federal prisoner Mark Alan Lane appeals pro se from the district court's

judgment dismissing his 28 U.S.C. § 2241 habeas petition challenging the loss of

good conduct time following a prison disciplinary hearing. We have jurisdiction

under 28 U.S.C. § 1291. We review de novo the dismissal of a section 2241

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

     [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

petition, *see Alaimalo v. United States*, 645 F.3d 1042, 1047 (9th Cir. 2011), and we affirm.

Lane contends that the district court erred by dismissing the instant petition on the basis of Lane's previous section 2241 petition. Contrary to Lane's contention, the district court did not err by applying Rule 4 of the Rules Governing Section 2254 Cases to the instant petition. *See* Rule 1(b), Rules Governing Section 2254 Cases, 28 U.S.C. foll. § 2254. Moreover, the district court properly dismissed the instant petition because Lane's previous section 2241 petition raised the same claims and was denied on the merits by the United States District Court for the Northern District of Georgia. The abuse of the writ doctrine generally "forbids the reconsideration of claims that were or could have been raised in a prior habeas petition." *See Alaimalo*, 645 F.3d at 1049 (internal quotations omitted). Lane has not shown cause for bringing a successive petition, or that a fundamental miscarriage of justice will result from the failure to entertain his claim. *See McCleskey v. Zant*, 499 U.S. 467, 494-95 (1991).

**AFFIRMED.**