NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 12 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MICHAEL ANTHONY NELSON,

        Petitioner - Appellant,

    v.

RANDY L. TEWS,

        Respondent - Appellee.

No. 13-17292

D.C. No. 3:12-cv-05308-EMC

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Edward M. Chen, District Judge, Presiding

Submitted December 5, 2014[**]

Before:    HAWKINS, McKEOWN, and FRIEDLAND, Circuit Judges.

Michael Anthony Nelson appeals pro se from the district court's judgment

dismissing his 28 U.S.C. § 2241 habeas corpus petition as moot. We have

jurisdiction under 28 U.S.C. § 1291. We review de novo the dismissal of a section

2241 petition, *see Alaimalo v. United States*, 645 F.3d 1042, 1047 (9th Cir. 2011),

---

      [*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

      [**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

and we affirm.

Nelson contends that the Bureau of Prisons ("BOP") violated federal law by categorically denying his request to be placed in a Residential Reentry Center ("RRC") based on Nelson's status as a "holdover" inmate, rather than making an individualized determination under 18 U.S.C. § 3624(c). The district court did not err by concluding that this claim was moot and dismissing the petition. Nelson's sentence terminated while his case was pending and, contrary to his contention, his claim is not "capable of repetition, yet evading review" because he has not demonstrated a reasonable expectation that he will again be classified as a "holdover" inmate and subjected to the BOP's alleged categorical denial of his request for RRC placement. *See Dilley v. Gunn*, 64 F.3d 1365, 1368-69 (9th Cir. 1995).

We grant Nelson's motion to supplement the record with the exhibit attached to his motion, but reject his claim that the exhibit demonstrates that Nelson has a pending federal warrant that could place him in "holdover" status.

**AFFIRMED.**

13-17292