NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 12 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LARRY DARVELL HENRICKS,<br><br>Petitioner - Appellant,<br><br>v.<br><br>RICHARD B. IVES, Warden,<br><br>Respondent - Appellee. | No. 13-56304<br><br>D.C. No. 2:12-cv-09508-FMO<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Fernando M. Olguin, District Judge, Presiding

Submitted December 5, 2014[**]

Before:    HAWKINS, McKEOWN, and FRIEDLAND, Circuit Judges.

Federal prisoner Larry Darvell Henricks appeals pro se from the district court's judgment dismissing his 28 U.S.C. § 2241 habeas corpus petition.   We review de novo the dismissal of a section 2241 petition, *see Alaimalo v. United States*, 645 F.3d 1042, 1047 (9th Cir. 2011), and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.   *See* Fed. R. App. P. 34(a)(2).

Henricks contends that he is actually innocent under *Bailey v. United States*, 516 U.S. 137 (1995), of using and/or carrying a firearm, in violation of 18 U.S.C. § 924(c)(1), and he therefore should be allowed to proceed with his section 2241 petition under the "escape hatch" of 28 U.S.C. § 2255(e). Henricks cannot establish that he has not had an "unobstructed procedural shot" at presenting this claim because he could have raised it in a timely section 2255 motion. *See Harrison v. Ollison*, 519 F.3d 952, 961 (9th Cir. 2008). Accordingly, the district court properly dismissed Henricks's claim for lack of jurisdiction. *See id.* at 961-62. Contrary to Henricks's contention, *McQuiggin v. Perkins*, 133 S. Ct. 1924 (2013), does not compel a different result.

We do not consider Henricks's claim that his counsel on state direct appeal was constitutionally ineffective because this claim is raised for the first time on appeal. *See Jiminez v. Rice,* 276 F.3d 478, 481 (9th Cir. 2001).

**AFFIRMED.**

13-56304