**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 01 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

TERRANCE LAMONT MOORE,

  Petitioner-Appellant,

v.

ANDRE MATEVOUSIAN,

  Respondent-Appellee.

No.    15-15421

D.C. No. 1:14-cv-00851-SAB

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Stanley Albert Boone, Magistrate Judge, Presiding[**]

Submitted October 25, 2016[***]

Before:    LEAVY, GRABER, and CHRISTEN, Circuit Judges.

Terrance L. Moore appeals, pro se, from the district court's dismissal of his petition for habeas corpus under 28 U.S.C. § 2241.  We have jurisdiction under

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The parties consented to proceed before a magistrate judge.

[***]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

28 U.S.C. § 1291. Reviewing de novo, we affirm. *See Alaimalo v. United States*, 645 F.3d 1042, 1047 (9th Cir. 2011).

Moore argues that the Bureau of Prisons ("BOP") improperly relied on 18 U.S.C. § 924(c)(1)(C)(i) to determine his projected release date and thereby erroneously calculated his sentence, exceeded its statutory authority, and violated his due process and equal protection rights by enforcing an invalid judgment. Moore's argument is premised on his incorrect belief that he is not subject to 25-year consecutive sentences for his second, third, and fourth section 924(c) convictions because he was not charged and convicted under section 924(c)(1)(C)(i). However, because the record shows, and Moore does not dispute, that he was convicted, *inter alia*, of four counts of violating section 924(c), the BOP properly calculated his release date based on his correctly calculated 1,107-month sentence. *See United States v. Beltran-Moreno*, 556 F.3d 913, 915 (9th Cir. 2009) ("[W]hen the government charges more than one § 924(c) offense in a single indictment, each additional count is to be treated as a 'second or subsequent conviction' for purposes of 18 U.S.C. § 924(c)(1)(C)(i) and therefore carries a mandatory minimum sentence of twenty-five years."). Thus, the district court correctly denied relief on Moore's claim that BOP improperly calculated his sentence and release date as frivolous.

15-15421

Insofar as Moore challenges the sentencing court's calculation of his sentence, he has not obtained a certificate of appealability and we decline to grant one. See 28 U.S. C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Harrison v. Ollison*, 519 F.3d 952, 958 (9th Cir. 2008).

Moore's "Amended Motion Relating Back to Habeas Claim in Opening Brief" is granted.

**AFFIRMED.**