**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

DEC 21 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE TORRES-HURTADO, <br><br> Petitioner - Appellant, <br><br> v. <br><br> RAFAEL ZUNIGA, <br><br> Respondent - Appellee. | No. 17-15466 <br><br> D.C. No. 1:16-cv-01354-LJO <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, Chief Judge, Presiding

Submitted December 18, 2017[**]

Before:     WALLACE, SILVERMAN, and BYBEE, Circuit Judges.

Federal prisoner Jose Torres-Hurtado appeals pro se from the district court's

judgment dismissing his 28 U.S.C. § 2241 habeas corpus petition. We have

jurisdiction under 28 U.S.C. § 1291. We review de novo the dismissal of a section

2241 petition, *see Alaimalo v. United States*, 645 F.3d 1042, 1047 (9th Cir. 2011),

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

and we affirm.

Torres-Hurtado's section 2241 petition alleged that the Bureau of Prisons ("BOP") failed to effectuate the district court's decision to run his 240-month sentence concurrent to a 77-month sentence imposed three years earlier. As noted by the district court, Torres-Hurtado unsuccessfully raised this argument in a section 2241 petition filed in the Northern District of West Virginia. That court denied his claim on the merits after concluding that the BOP correctly calculated Torres-Hurtado's sentence. Torres-Hurtado's second section 2241 petition raising this claim was dismissed as successive and an abuse of the writ.

In light of this record, the district court correctly concluded that the instant section 2241 petition is barred by 28 U.S.C. § 2244(a) and the abuse of the writ doctrine. *See* 28 U.S.C. § 2244(a); *Alaimalo*, 645 F.3d at 1049 (abuse of the writ doctrine "generally forbids the reconsideration of claims that were or could have been raised in a prior habeas petition" (internal quotation marks omitted)). Furthermore, Torres-Hurtado has not shown cause for bringing a successive petition, or that a fundamental miscarriage of justice will result from the failure to entertain his claim. *See McCleskey v. Zant*, 499 U.S. 467, 494-95 (1991).

**AFFIRMED.**

17-15466