## NOT FOR PUBLICATION

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

## UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: | BAP No. NC-18-1139-BKuF |
| FAROUK E. NAKHUDA, | Bk. No. 4:14-bk-41156-RLE |
| Debtor. | |
| ANDREW W. SHALABY, | |
| Appellant. | **MEMORANDUM**[*] |

Argued and Submitted on November 29, 2018
at San Francisco, California

Filed – February 20, 2019

Appeal from the United States Bankruptcy Court
for the Northern District of California

Honorable Roger L. Efremsky, Bankruptcy Judge, Presiding

Appearances:     Appellant Andrew W. Shalaby argued pro se.

Before:     BRAND, KURTZ and FARIS, Bankruptcy Judges.

---

[*] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

## INTRODUCTION

Appellant Andrew W. Shalaby appeals an order denying his motion for relief from judgment under Civil Rule 60(b)(5)[1] and (b)(6) and an order denying his request for leave to file a supplemental brief. We AFFIRM.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

### A.    The prior sanctions order

This case has a lengthy history. We limit our discussion to those facts relevant for this appeal.[2] In November 2014, the bankruptcy court issued an order to show cause (OSC) directing Shalaby, the attorney for debtor Farouk E. Nakhuda, to show cause why he should not be sanctioned for actions he took during the debtor's case. *In re Nakhuda*, 544 B.R. at 895-96.

Ultimately, the bankruptcy court entered an order sanctioning Shalaby ("Sanctions Order"). Among other things, Shalaby was suspended from the practice of law in the bankruptcy courts for the Northern District of California until he completed twenty-seven hours of continuing legal education ("CLE Provision") and lost his e-filing privileges until he completed ECF training provided by the clerk's office ("ECF Provision" and

---

[1]  Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, all "Rule" references are to the Federal Rules of Bankruptcy Procedure, and all "Civil Rule" references are to the Federal Rules of Civil Procedure.

[2] A more thorough background of this appeal can be found in the Panel's published decision in *Shalaby v. Mansdorf (In re Nakhuda)*, 544 B.R. 886 (9th Cir. BAP 2016).

together with the CLE Provision, the "Suspension Provisions"). The court imposed the ECF Provision based on Shalaby's admitted practice of failing to obtain wet ink signatures from clients on documents filed with the court and his apparent failure to review local ECF rules prior to practicing in bankruptcy courts in the Northern District.

Shalaby timely appealed the Sanctions Order to the BAP. While the appeal was pending, Shalaby completed the CLE requirement and was reinstated to practice before the bankruptcy court in the Northern District, and he completed the ECF training, thus restoring his ECF filing privileges. *Id.* at 889 n.2.

The BAP affirmed the bankruptcy court's ruling on the ECF Provision based on violations of ECF Administrative Procedures and Local Rules 5005-2(d) and 9011-1. *Id.* at 902-05. Shalaby had argued that the ECF Provision was moot due to his compliance or, alternatively, that his failure to obtain wet ink signatures was an innocent mistake, had since been corrected, and could not be subject to sanctions. The Panel disagreed that the matter was moot, explaining that Shalaby's compliance did not moot the legal question of whether his conduct was sanctionable. *Id.* at 905 n.11.[3]

Shalaby appealed those points affirmed by the BAP to the Ninth

---

[3] The Panel reversed some monetary sanctions, holding that the bankruptcy court had misapplied applicable law for sua sponte sanctions under Rule 9011. *Id.* at 899-902. The Panel was silent on the CLE Provision. However, since the bankruptcy court had also based that sanction on Rule 9011, we believe the CLE Provision was also reversed.

Circuit Court of Appeals, including the ECF Provision. The Ninth Circuit affirmed the BAP on the ECF Provision, ruling that the bankruptcy court had not abused its discretion. *Shalaby v. Mansdorf (In re Nakhuda),* 703 Fed. App'x. 621 (9th Cir. 2017).

The catalyst which led to this appeal is what the Ninth Circuit stated in its decision with respect to the ECF Provision:

> The record supports the bankruptcy court's finding that Shalaby's continued failure to obtain the debtor's original ink signature on documents electronically filed with the court violated the local rules. **The error was brought to Shalaby's attention, yet he continued to violate the rules**. The district [sic] court did not abuse its discretion by suspending his filing privileges until he had received training.

*Id.* at 622 (emphasis added).

Shalaby timely filed a petition for rehearing, arguing that the circuit's finding on the ECF Provision constituted reversible error. Specifically, Shalaby argued that the finding — "The error was brought to Shalaby's attention, yet he continued to violate the rules" — was not supported by the record. Shalaby maintained that once he learned of the rule regarding wet ink signatures he immediately changed his practice; thus, he did not "continue[] to violate the rules" as the Ninth Circuit had found and which provided the factual basis for its decision to affirm.

The Ninth Circuit denied Shalaby's request for rehearing in a one-sentence order. No appeal was taken to the U.S. Supreme Court.

4

The Ninth Circuit issued its mandate on December 14, 2017.

**B.    Shalaby's Civil Rule 60(b) motion**

Subsequently, three years after the Sanctions Order had been issued, Shalaby filed in the bankruptcy court a "Motion to Amend Pre-Appeal Sanction and Suspension Order" ("60(b) Motion"). He argued that the Suspension Provisions in the Sanctions Order had to be stricken because the Ninth Circuit's factual finding to support and affirm the ECF Provision was erroneous. According to Shalaby, the bankruptcy judge had "personal knowledge" that the circuit's decision was erroneous and contradicted the record. Shalaby argued that he never violated the wet ink signature rule after learning about it for the first time at the OSC hearing in November 2014, and that the bankruptcy judge knew this to be true.

Shalaby explained that the reason for the 60(b) Motion was a pending motion to disqualify him as counsel in a products liability case in Illinois. Opposing counsel in that case was using the Suspension Provisions of the Sanctions Order as a basis for revoking his pro hac vice status. In a nutshell, the Sanctions Order was detrimentally affecting his ability to practice law.

In the 60(b) Motion, Shalaby mentioned Civil Rule 59 in a heading but never discussed it again, and he offered a block quotation of Civil Rule 60(b), subdivisions (1) through (6). Notwithstanding this "spaghetti" approach, Shalaby appeared to be seeking relief under Civil Rule 60(b)(5)

5

and (b)(6), noting that Civil Rule 60(b)(5) was "directly on point" but that Civil Rule 60(b)(6) also provided grounds for relief. Shalaby argued that this was not a motion to reverse an appellate decision; rather, it was a proper motion to amend and strike the Suspension Provisions from the Sanctions Order nunc pro tunc on the grounds of fairness, justice and the bankruptcy judge's personal knowledge that Shalaby did not continue to violate ECF rules.

Without a hearing, the bankruptcy court entered an order denying the 60(b) Motion on the grounds that it was procedurally improper and substantively unwarranted ("60(b) Order"). The court determined that Shalaby had failed to provide any basis for why it should depart from the doctrine of law of the case or the mandate rule. The court also determined that Shalaby had failed to show any grounds for striking the Suspension Provisions from the Sanctions Order under Civil Rule 60(b)(5) or (b)(6).

Undeterred, the next day Shalaby filed a request for leave to file a supplemental brief in support of the 60(b) Motion. The bankruptcy court promptly denied Shalaby's request ("Brief Order").

Shalaby timely appealed the 60(b) Order and the Brief Order.

## C. Post-appeal events

Previously, a motions panel entered an order striking Shalaby's reply brief (due to the lack of an appellee in this case) and denying his request for judicial notice in support of his reply. Dkt. no. 17. However, we exercise

our discretion to VACATE that order because the reply brief and RJN provide a strong and clear basis for affirming the 60(b) Order.

While this appeal was pending, Shalaby filed a motion to reconsider the 60(b) Order, again arguing that the bankruptcy judge knew that Shalaby had not continued to violate the wet ink signature requirement once he learned of it, and that the Ninth Circuit had erred in finding to the contrary. The bankruptcy court denied the motion and squarely addressed the alleged erroneous finding at issue. Citing to the appellate record for the Sanctions Order, the bankruptcy court found that the circuit had not erred.[4]

## II. JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(A). We have jurisdiction under 28 U.S.C. § 158.

## III. ISSUES

1.    Did the bankruptcy court abuse its discretion by applying law of the case to the Sanctions Order?

2.    Did the bankruptcy court abuse its discretion by denying the 60(b)

---

[4] The bankruptcy court found that the record before the Ninth Circuit had shown that Shalaby was aware of the wet ink signature requirement in June 2014, but that it was not until some six months later "that he even began to correct his shoddy practices in [the Nakhuda] case. The court does not know if he corrected his mistakes in any of the other bankruptcy cases in which he is counsel." RJN at 9 n.3.

This order also provides some background for Shalaby's troubles with the Illinois court. In short, he was not truthful on his pro hac vice application, stating that he had never been suspended by any court or investigated by a state bar. Apparently, defense counsel discovered the untrue statements and brought it to the Illinois court's attention.

Motion?

3.    Did the bankruptcy court err by denying Shalaby's request for leave to file a supplemental brief?

## IV. STANDARDS OF REVIEW

We review the bankruptcy court's decision whether to apply the doctrine of law of the case for an abuse of discretion. *See S. Oregon Barter Fair v. Jackson Cty., Oregon*, 372 F.3d 1128, 1136 (9th Cir. 2004) (citing *United States v. Lummi Indian Tribe*, 235 F.3d 443, 452 (9th Cir. 2000)). *But see Am. Express Travel Related Servs. Co. v. Fraschilla (In re Fraschilla)*, 235 B.R. 449, 454 (9th Cir. BAP 1999) (applying a "de novo" standard of review).

We review the bankruptcy court's denial of a motion under Rule 9024, which incorporates Civil Rule 60(b), for an abuse of discretion. *Tennant v. Rojas (In re Tennant)*, 318 B.R. 860, 866 (9th Cir. BAP 2004).

A bankruptcy court abuses its discretion if it applied the wrong legal standard or its findings were illogical, implausible or without support in the record. *TrafficSchool.com, Inc. v. Edriver Inc.*, 653 F.3d 820, 832 (9th Cir. 2011).

## V. DISCUSSION

To recap the relevant procedural history, Shalaby challenged the Suspension Provisions in his appeal of the Sanctions Order to the BAP. The BAP reversed, at least implicitly, the CLE Provision but affirmed the ECF Provision. Shalaby appealed the BAP's ruling on the ECF Provision to the

8

Ninth Circuit Court of Appeals, which affirmed. In doing so, the circuit made what has become the controversial finding that Shalaby continued to violate the wet ink signature requirement in the ECF rules after learning of its existence. Shalaby raised this exact issue in his petition for rehearing, arguing that the Ninth Circuit's finding was not supported by the record. The Ninth Circuit denied the request for rehearing. No appeal was taken to the U.S. Supreme Court. The Ninth Circuit then entered its mandate. The decision as to the ECF Provision became final.

## A. The bankruptcy court did not abuse its discretion by applying law of the case to the Sanctions Order.

Under the doctrine of law of the case, a court is generally precluded from reconsidering an issue previously decided by the same court, or a higher court in the identical case. *Lummi Indian Tribe*, 235 F.3d at 452. "For the doctrine to apply, the issue in question must have been decided explicitly or by necessary implication in [the] previous disposition." *Id.* (internal quotation marks and citation omitted). Shalaby's failure to comply with ECF rules was at issue in the prior appeal, and the precise issue of whether he continued to violate the wet ink signature requirement after learning of it was the subject of the petition for rehearing, which the Ninth Circuit considered and denied.

While observance of the doctrine of law of the case is discretionary, the prior decision should be followed unless (1) it is clearly erroneous and

9

enforcing it would work a manifest injustice; (2) intervening controlling authority makes reconsideration appropriate; or (3) substantially different evidence was adduced at a subsequent trial. *Alaimalo v. United States*, 645 F.3d 1042, 1049 (9th Cir. 2011); *Caldwell v. Unified Capital Corp. (In re Rainbow Magazine, Inc.),* 77 F.3d 278, 281 (9th Cir. 1996)*; In re Fraschilla*, 235 B.R. at 454. The bankruptcy court found that none of the exceptions for departing from law of the case was present.

Shalaby argues that the first exception — the decision is clearly erroneous and enforcing it would work a manifest injustice — applied here and that the bankruptcy court erred in finding otherwise. Stating only that any clear error by the Ninth Circuit was "absent," the bankruptcy court did not elaborate on why this exception was not met, at least in the 60(b) Order on appeal. Shalaby maintains that no one, including the bankruptcy court or the trustee, ever alleged that he continued to violate the wet ink signature requirement after learning of it, and that the Ninth Circuit's finding to the contrary was "nothing short of untrue." While the Sanctions Order noted that Shalaby had violated ECF rules on multiple occasions, it did not appear to suggest that he continued to violate the rule regarding wet ink signatures after learning of it or that this was a basis for imposing the ECF Provision.

In any case, the record for the Sanctions Order paints an entirely different picture than the one Shalaby portrays, and we find it

incomprehensible that he continues to assert arguments he knows are untrue. In his brief on appeal before the Ninth Circuit, the chapter 7 trustee argued that Shalaby knew as early as June 2014 about the wet ink signature requirement, but yet he persisted in ignoring the rule for another six months — until the OSC was issued in November 2014 — before rectifying the problem. The trustee supported his argument with a deposition taken of the debtor in June 2014. There, Shalaby admitted his failure to obtain wet ink signatures from clients on documents filed with the court, and the trustee told Shalaby that this practice was problematic. *See* Trustee's Response Brief, Case No. 16-60017, dkt. no. 11, pp. 22-23, citing to his excerpts of the record, dkt. no. 12, pp. 83-84. Notably, this same deposition transcript was presented to the bankruptcy court prior to the OSC hearing, *see* Case No. 14-41156, dkt. no. 178-3, pp. 7-9, and it was also before the BAP, *see* Case No. 15-1149, dkt. no. 23, pp. 576-578.

Thus, contrary to Shalaby's contention, evidence of his failure to comply with the wet ink signature requirement after learning of it was presented to every court, including the Ninth Circuit Court of Appeals. Presuming he reviewed the trustee's brief and record, Shalaby was aware of the argument and the evidence he now contends did not exist. It also establishes the falsity of Shalaby's contention in the 60(b) Motion that he did not learn of the wet ink signature requirement until the OSC hearing in November 2014.

Accordingly, the bankruptcy court did not err in finding the absence of any clear error by the Ninth Circuit with respect to the ECF Provision. Given the lack of any other exceptions to the rule, the court did not abuse its discretion by applying law of the case to the Sanctions Order.[5]

On a side note, Shalaby fails to recognize that the Ninth Circuit could have affirmed the ECF Provision on the basis that he failed to comply with the wet ink signature requirement multiple times prior to learning of the rule; he did not have to continue to violate it after the fact for the sanction to stand. As a bankruptcy attorney, Shalaby is charged with knowing ECF rules for the bankruptcy court. Thus, failing to comply with them subjected him to sanctions.

## B. The bankruptcy court did not abuse its discretion in denying the 60(b) Motion.

The next issue is whether the bankruptcy court abused its discretion in denying the 60(b) Motion to any extent that the motion requested relief beyond the confines of law of the case. *See Cool Fuel, Inc. v. Cal. State Bd. of Equalization (In re Cool Fuel, Inc.)*, 2006 WL 6810933, at *6 (9th Cir. BAP June 21, 2006). The 60(b) Motion did not precisely identify which subdivision Shalaby was asserting for relief. And the imprecision continues. He now

---

[5] The bankruptcy court also determined that the mandate rule applied. Shalaby does not present any argument on this. Accordingly, this issue has been waived. *City of Emeryville v. Robinson*, 621 F.3d 1251, 1261 (9th Cir. 2010) (issues not argued "specifically and distinctly" in a party's opening brief are waived).

argues that he sought relief under Civil Rule 60(b)(1) and (b)(6). The bankruptcy court determined that Shalaby was seeking relief under Civil Rule 60(b)(5) and (b)(6). We agree.

Civil Rule 60(b)(5), applicable here by Rule 9024, allows a party to obtain relief from a judgment or order if: (1) it has been satisfied, released or discharged; (2) it is based on an earlier judgment that has been reversed or vacated; (3) or applying it prospectively is no longer equitable. Shalaby never articulated which of the three grounds provided a basis for relief or cited any case law to help the court make that determination. The CLE Provision was reversed on appeal; therefore, striking it from the Sanctions Order would have no effect. The ECF Provision was not reversed or vacated, so the second ground would not apply to that. Shalaby had satisfied the ECF Provision by this time, but he did not assert the first ground as a basis for striking that portion of the Sanctions Order, assuming he could even do so.

Given Shalaby's expressions of fairness and justice, the bankruptcy court assumed that he was relying on ground three — that applying the Sanctions Order was no longer equitable. This was a reasonable assumption. This provision of Civil Rule 60(b)(5) provides a means by which a party can ask a court to modify or vacate a judgment or order if "a significant change either in factual conditions or in law" renders continued enforcement "detrimental to the public interest." *Horne v. Flores*, 557 U.S.

433, 447 (2009) (citing *Rufo v. Inmates of Suffolk Cty. Jail*, 502 U.S. 367, 384 (1992)). Modification of an order may be warranted under Civil Rule 60(b)(5) if changed factual conditions make compliance substantially more onerous, when a decree proves to be unworkable because of unforeseen obstacles, when enforcement of the decree without modification would be detrimental to the public interest, or where compliance becomes legally impermissible. *SEC v. Coldicutt*, 258 F.3d 939, 942 (9th Cir. 2001) (citing *Rufo*, 502 U.S. at 388). Relief from a court order should not be granted, however, simply because a party finds it is no longer convenient to live with the terms of the order. *Id.*

The bankruptcy court determined that Shalaby had failed to satisfy any of the above conditions for relief from the Sanctions Order:

> Mr. Shalaby has made no showing that satisfies any of these factors; he merely argues that the Sanctions Order has led to opposing counsel seeking to revoke his pro hac vice admission in another court in which he is currently litigating based on the fact that he was suspended and failed to disclose it in his application. To the extent the Sanctions Order presents an 'unforeseen obstacle' to Mr. Shalaby obtaining pro hac vice admission in any court, assuming this court has authority to do so, it declines to afford Mr. Shalaby the relief he seeks.

The only argument Shalaby raises here is that the bankruptcy court erred in finding that there would be no injustice by leaving the Sanctions Order as is. Of course, he begins this argument with the faulty premise that the bankruptcy judge knew the Ninth Circuit had erred yet he refused to

fix the error. Shalaby's failure to disclose the sanction to the Illinois court now haunts him. However, as the bankruptcy court correctly noted, vacating the ECF Provision in the Sanctions Order is not warranted simply because it may be inconvenient for Shalaby.

Shalaby did not show that any significant change either in factual conditions or the law occurred here warranting relief from the Sanctions Order. Accordingly, the bankruptcy court did not abuse its discretion in denying relief under Civil Rule 60(b)(5).

The bankruptcy court also denied relief under Civil Rule 60(b)(6), determining that Shalaby had shown neither injury nor extraordinary circumstances warranting relief. We agree that relief under Civil Rule 60(b)(6) was not available here but on a different basis. A motion brought under Civil Rule 60(b)(6) — the "catch-all" provision — applies only when the reason for granting relief is not covered by any of the other reasons set forth in Rule 60. *Cmty. Dental Servs. v. Tani*, 282 F.3d 1164, 1168 n.8 (9th Cir. 2002); *Lafarge Conseils Et Etudes, S.A. v. Kaiser Cement & Gypsum Corp.*, 791 F.2d 1334, 1338 (9th Cir. 1986). In his 60(b) Motion, Shalaby argued that Civil Rule 60(b)(5) was "directly on point," and the arguments he made fell directly within the scope of that subdivision. Therefore, relief under Civil Rule 60(b)(6) was not available. Additionally, Shalaby failed to articulate a proper argument for such relief, and this failure provided another basis for denying it.

## C.    Shalaby waived any challenge to the Brief Order.

Although Shalaby appealed the Brief Order, he did not articulate any argument on the matter in his opening brief. Issues which are not argued specifically and distinctly in a party's opening brief are waived. *City of Emeryville,* 621 F.3d at 1261. In any case, filing a supplemental brief at that time was foreclosed. The bankruptcy court had already entered the 60(b) Order announcing its decision to deny the 60(b) Motion. In reality, Shalaby's request for leave to file a supplemental brief was a motion for reconsideration of the 60(b) Order, arguing that the "clearly erroneous" exception to law of the case was met and that the bankruptcy court erred in determining otherwise. That is the issue squarely before this Panel, which we have determined against Shalaby. To the extent his request for leave was a motion to reconsider, there were no grounds upon which to grant it.

## VI. CONCLUSION

For the reasons stated above, we AFFIRM. [6]

---

[6] We decline to address additional issues Shalaby raises that are outside the scope of this appeal, such as the propriety of the BAP's ruling in the prior appeal and its reliance on Local Rule 9011-1 to affirm the bankruptcy court's ruling on the ECF Provision.