NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

NOV 12 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANDREW P. SHOLTES, Naval Consolidated Brig, | No. 18-56110 |
| Petitioner-Appellant, | D.C. No. 3:18-cv-01330-MMA-BLM |
| v. | |
| RICHARD V. SPENCER, Secretary of the Navy, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Southern District of California
Michael M. Anello, District Judge, Presiding

Submitted November 7, 2019**
Pasadena, California

Before: FARRIS and McKEOWN, Circuit Judges, and KENDALL,*** District Judge.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Virginia M. Kendall, United States District Judge for the Northern District of Illinois, sitting by designation.

Andrew P. Sholtes ("Sholtes") appeals the district court's denial of his petition for habeas relief under 28 U.S.C. § 2241, alleging the military trial judge erred in failing to admit evidence at trial of the victim's sexual history and disposition and drug use in violation of his Fifth and Sixth Amendment rights. The parties are familiar with the facts, so we do not repeat them here. We have jurisdiction under 28 U.S.C. § 1291. We affirm the district court.

We review de novo the dismissal of Sholtes's habeas petition. *Alaimalo v. United States*, 645 F.3d 1042, 1047 (9th Cir. 2011) (citation omitted). The narrow question in reviewing a petition for habeas from a prisoner confined pursuant to a court martial is whether the military proceedings have "dealt fully and fairly with an allegation raised in that application." *Burns v. Wilson*, 346 U.S. 137, 142 (1953).

The military proceedings easily meet this standard. In a thorough 19-page analysis, the Navy-Marine Corps Court of Criminal Appeals ("NMCCA") addressed Sholtes's claims and sub-claims, identifying the relevant legal standard and applying it to the facts before making its conclusion. Sholtes does not raise any new claims not considered by the NMCAA.

Sholtes additionally argues the district court erred in summarily dismissing his petition. A district court may summarily dismiss a habeas petition when "it appears from the application that the applicant or person detained is not entitled" to

relief. 28 U.S.C. § 2243. It is plain from Sholtes's petition—which incorporates the NMCAA decision in its entirety— that the military proceedings "fully and fairly" considered his claims. Thus, the district court did not err when it summarily dismissed his petition.

**AFFIRMED**.