**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DARNELL WESLY MOON, | No. 20-35454 |
| Petitioner-Appellant, | D.C. No. 3:20-cv-00033-JE |
| v. | |
| JOSIAS SALAZAR, Warden - FCI Sheridan, | MEMORANDUM* |
| Respondent-Appellee. | |

| | |
|---|---|
| DARNELL WESLY MOON, | No. 20-35464 |
| Petitioner-Appellant, | D.C. No. 3:20-cv-00034-JE |
| v. | |
| JOSIAS SALAZAR, | |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, District Judge, Presiding

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted August 4, 2021[]
San Francisco, California

Before: THOMAS, Chief Judge, and HAWKINS and McKEOWN, Circuit Judges.

Darnell Moon appeals the district court's orders denying without prejudice his 28 U.S.C. § 2241 habeas corpus petitions. We have jurisdiction under 28 U.S.C. § 1291. Reviewing de novo, *see Alaimalo v. United States*, 645 F.3d 1042, 1047 (9th Cir. 2011), we affirm.

The district court properly dismissed Moon's petitions for lack of jurisdiction, because for "core habeas petitioners challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." *Moon v. Salazar*, 3:20-cv-00033-JE (D. Or. Feb. 13, 2020) (quoting *Rumsfeld v. Padilla*, 542 U.S. 426, 433 (2004))[1]. Moon was incarcerated in Illinois, but filed his petitions in the District of Oregon, where he had previously been incarcerated and where his good-time credits were revoked.

Moon argues that a challenge to the improper revocation of good-time credit is not a challenge to "present physical confinement." We disagree. Good-time credit impacts the duration of confinement, and therefore is a "core" habeas

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[1] The district court order in *Moon v. Salazar*, 3:20-cv-00034-JE (D. Or. Feb. 13, 2020), is identical.

2

challenge to present physical confinement under *Padilla*, 542 U.S. at 433; c*f.* *Wilkinson v. Dotson*, 544 U.S. 74, 79, 81–82 (2005) (describing an action seeking to restore good-time credit as within the "core" of habeas, since it impacts the duration of confinement).  Similarly, the proper respondent—the individual with the power to "produce the body," *Wales v. Whitney*, 114 U.S. 564, 574 (1885)—is the warden of Moon's current prison.

**AFFIRMED.**