NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 29 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HOSEA LATRON SWOPES, | No. 22-16054 |
| Petitioner-Appellant, | D.C. No. 1:21-cv-01418-JLT-HBK |
| v. | |
| A. CIOLLI, Warden, | MEMORANDUM[*] |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Jennifer L. Thurston, District Judge, Presiding

Submitted August 25, 2023[**]
San Francisco, California

Before: BUMATAY, KOH, and DESAI, Circuit Judges.

Federal prisoner Hosea Swopes appeals from the district court's judgment dismissing his 28 U.S.C. § 2241 habeas petition for lack of jurisdiction. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Swopes challenged his underlying Missouri sentence under the "escape

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

hatch" or "saving clause" of 28 U.S.C. § 2255, which allows a federal prisoner to file a § 2241 petition if his remedy under § 2255 was "inadequate or ineffective." 28 U.S.C. § 2255(e); *see also Alaimalo v. United States*, 645 F.3d 1042, 1047 (9th Cir. 2011). Since the parties briefed this case, however, the Supreme Court issued a decision in *Jones v. Hendrix*, 143 S. Ct. 1857 (2023). *Jones* held that § 2255(e) "does not permit a prisoner asserting an intervening change in statutory interpretation to circumvent [the] restrictions on second or successive § 2255 motions by filing a § 2241 petition." 143 S. Ct. at 1864.

Swopes concedes that *Jones* is dispositive and forecloses his claim under § 2241.[1] Because Swopes had no right to file a § 2241 petition in the first instance, we need not address his challenges to the enhancement of his sentence in light of *Borden v. United States*, 141 S. Ct. 1817 (2021). Accordingly, we affirm the district court's decision that it lacked jurisdiction.[2]

**AFFIRMED**.

---

[1] The parties filed supplemental briefing in light of *Jones*.
[2] Swopes's motion to take judicial notice (Dkt. 11) and Appellee's unopposed motion to supplement the record (Dkt. 20) are denied as moot.