**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RICARDO POLANCO, | No. 14-55857 |
| Petitioner - Appellant, | D.C. No. 2:12-cv-06564-PA-RZ |
| v. | |
| CLARK E. DUCART, Acting Warden, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Argued and Submitted March 9, 2016
Pasadena, California

Before: REINHARDT, MURGUIA, and OWENS, Circuit Judges.

Petitioner Ricardo Polanco appeals the district court's dismissal of his

petition for habeas corpus relief. Polanco was convicted in 2008 of conspiracy to

commit murder. He seeks to overturn his conviction on the grounds that (1) the

evidence presented at his trial was insufficient to support his conviction, and (2) he

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

was deprived of a fair trial as a result of allegedly prejudicial and erroneously admitted evidence, in violation of due process.

1. Because Polanco's sufficiency of the evidence claim was adjudicated on the merits by the California Court of Appeal, under AEDPA we may not grant relief unless that decision was based on an unreasonable determination of the facts or involved an unreasonable application of clearly established Supreme Court law. 28 U.S.C. § 2254(d). "A petitioner for a federal writ of habeas corpus faces a heavy burden when challenging the sufficiency of the evidence used to obtain a state conviction on federal due process grounds." *Juan H. v. Allen*, 408 F.3d 1262, 1274 (9th Cir. 2005). Under *Jackson v. Virginia*, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." 443 U.S. 307, 319 (1979).

Under California law, a conviction for conspiracy to commit murder requires proof that (i) the defendant agreed to commit murder, and (ii) that the defendant specifically intended to commit the murder. *People v. Swain*, 12 Cal. 4th 593, 600–02 (1996). Polanco admits that he agreed to kill a man named Buelna, but argues that he did so because he did not dare refuse. The evidence presented at trial, he argues, showed that he only pretended to be willing to carry out the crime,

2

and that instead of killing Buelna, he offered excuses as to why he could not complete the crime.

The California Court of Appeal heard and rejected this claim. Applying *Jackson v. Virginia*, it determined that

> The jury was entitled to infer from the evidence that Polanco in fact intended to kill Buelna, and that his excuses were real. Polanco went so far as to obtain a weapon and scope out Buelna's residence on more than one occasion. The jury simply did not believe that he was only pretending, and sufficient evidence . . . supported the jury's conclusion that Polanco did in fact intend to kill Buelna.

After examining the evidence presented at trial, we are unable to conclude that this determination was based on an unreasonable finding of fact or an unreasonable interpretation of clearly established Supreme Court law. Accordingly, we affirm the district court's decision.

2. Next, Polanco contends that he was deprived of a fair trial because of the admission of allegedly prejudicial testimony. Prior to the trial, the judge determined that neither party should introduce evidence that Buelna had been murdered, by someone other than Polanco and his co-conspirators, years after the conspirators had been arrested. During trial, a witness for the state mentioned the eventual murder under cross-examination by the defense. The trial judge offered a curative instruction, explaining that the victim had been murdered in 2007, nearly

3

two years after Polanco and his co-conspirators had been arrested, and that there was no evidence connecting Polanco or any of his co-defendants with that killing. Further, the judge instructed, the jury was not to draw any inference from the fact that the conspirators' intended victim had ultimately lost his life. "We normally presume that a jury will follow an instruction to disregard inadmissible evidence inadvertently presented to it, unless there is an 'overwhelming probability' that the jury will be unable to follow the court's instructions, and a strong likelihood that the effect of the evidence would be 'devastating' to the defendant." *Greer v. Miller*, 483 U.S. 756, 766 n.8 (1987) (internal citations omitted). Neither is true in this case. Thus, we hold that the admission of evidence about Buelna's murder was not so prejudicial as to deny Polanco a fair trial.[1] Accordingly, we affirm the district court's denial of Polanco's habeas petition.

**AFFIRMED.**

---

[1] The parties debate the appropriate standard of review applicable to this claim. The State argues that this ground was presented to and rejected by the California Court of Appeal, and that therefore, we should apply AEDPA deference. In contrast, Polanco argues that the California Court of Appeal did not address the federal constitutional aspect of this claim, and that therefore, we should review the issue de novo. We need not resolve this debate, however, because even reviewing de novo, we determine that the testimony about Buelna's eventual murder was not so prejudicial as to deny Polanco a fair trial.