

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ARTHUR GARCIA, | No. 14-55753 |
| Petitioner-Appellant, | D.C. No. 2:13-cv-00659-PA-RZ |
| v. | |
| JAMES ROBERTSON, Warden, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Submitted August 13, 2019**
Pasadena, California

Before: CALLAHAN, FISHER,*** and CHRISTEN, Circuit Judges.

Arthur Garcia appeals the district court's order denying his 28 U.S.C. § 2254

petition challenging his conviction for conspiracy to commit murder. Because the

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable D. Michael Fisher, United States Circuit Judge for the
U.S. Court of Appeals for the Third Circuit, sitting by designation.

parties are familiar with the facts, we repeat them only as necessary to resolve this appeal. We have jurisdiction pursuant to 28 U.S.C. § 2253, and our review is governed by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214. We affirm.

1.      Garcia first argues that California Department of Justice Special Agent Scott Barker's testimony was so prejudicial that it deprived him of a fair trial, and that the California Court of Appeal made an unreasonable determination of the facts in concluding otherwise. On direct appeal, the California Court of Appeal determined that any prejudice was effectively cured by the trial court's limiting instruction and that the trial court did not abuse its discretion by denying a motion for a mistrial. Garcia argues that the California Court of Appeal severely understated the impact of Agent Barker's testimony, and thus made an unreasonable determination of the facts.

As an initial matter, the State argues that the law of the case doctrine precludes our consideration of the merits of this claim. In a prior and separate civil habeas proceeding, another panel of our court denied a co-defendant's identical claim about Agent Barker's testimony. *See Polanco v. Ducart*, 643 F. App'x 628, 629–30 (9th Cir. 2016). The law of the case doctrine applies when "the appeal of one co-defendant is decided prior to the appeal of the other co-defendant, if both

2

were convicted at the same trial." *United States v. Schaff*, 948 F.2d 501, 506 (9th Cir. 1991) (analyzing a direct appeal). It follows that "[t]he law of the case doctrine states that the decision of an appellate court on a legal issue must be followed in all subsequent proceedings in the same case." *Alaimalo v. United States*, 645 F.3d 1042, 1049 (9th Cir. 2011). Here, Garcia's civil habeas proceeding is separate from his co-defendant's habeas proceeding. The law of the case doctrine therefore does not apply because Garcia's habeas appeal is not the "same case" as his co-defendant's habeas appeal.

On the merits, we deny Garcia's first claim because we conclude that the California Court of Appeal's determination was reasonable. "[A] federal court may not second-guess a state court's fact-finding process unless, after review of the state-court record, it determines that the state court was not merely wrong, but actually unreasonable." *Taylor v. Maddox*, 366 F.3d 992, 999 (9th Cir. 2004), *overruled on other grounds by Murray v. Schriro*, 745 F.3d 984, 999–1000 (9th Cir. 2014). The brevity of Agent Barker's testimony, the length of time between the defendants' incarceration and the victim's death, and the trial court's particularly conscientious curative instruction support the state court's denial of Garcia's claim. We "presume that a jury will follow an instruction to disregard inadmissible evidence inadvertently presented to it, unless there is an

'overwhelming probability' that the jury will be unable to follow the court's instructions, and a strong likelihood that the effect of the evidence would be 'devastating' to the defendant." *Greer v. Miller*, 483 U.S. 756, 766 n.8 (1987) (citation omitted). Given the foregoing facts, we conclude that there was not an "overwhelming probability" that the jury could not abide by the trial court's carefully-worded limiting instruction, despite the evidence that the defendants were part of a gang that directed criminal activity from within prisons.

2. Garcia next argues that the prosecutor committed *Griffin* error during rebuttal argument because he commented on the defendants' silence after their arrests. *See Griffin v. California*, 380 U.S. 609 (1965). The trial court denied the defense motion for a mistrial, instructed the jury to disregard the remarks on the defendants' silence, and reminded the jury that the defendants had a constitutional right not to be compelled to testify. Garcia argues that because the *Griffin* error was apparent, appellate counsel's failure to raise the issue on direct appeal constituted ineffective assistance of counsel. The California Supreme Court summarily denied this ineffective assistance of counsel claim without comment or citation.

To prevail on his claim for habeas relief, Garcia must show that the California Supreme Court's summary denial was an unreasonable application of

4

*Strickland v. Washington*, 466 U.S. 668 (1984). *See Harrington v. Richter*, 562 U.S. 86, 98 (2011) ("Where a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief."). To show ineffective assistance of counsel, a defendant must demonstrate that his counsel's conduct fell below an objective standard of reasonableness, and that there was a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *See Strickland*, 466 U.S. at 688, 694. As to Garcia's claim that appellate counsel was ineffective for failing to raise *Griffin* error, due process "prohibits a prosecutor from commenting on a defendant's decision not to testify[,]" and "a prosecutor's indirect comment violates *Griffin* only if it is manifestly intended to call attention to the defendant's failure to testify, or is of such a character that the jury would naturally and necessarily take it to be a comment on the failure to testify." *Hovey v. Ayers*, 458 F.3d 892, 912 (9th Cir. 2006) (internal quotation marks omitted). This type of error warrants reversal where the prosecutor's "comment is extensive, where an inference of guilt from silence is stressed to the jury as a basis for the conviction, and where there is evidence that could have supported acquittal." *Id.* (internal quotation marks omitted).

We conclude that the California Supreme Court's decision to deny Garcia's ineffective assistance of counsel claim was reasonable. The transcript does not show that the prosecutor directly commented on Garcia's decision not to testify, nor does it show that he intended to call attention to this decision. Even assuming a *Griffin* error occurred, it is reasonable to conclude that the error was harmless because: (1) the prosecutor's remark relating to defendants' silence was brief; (2) the prosecutor did not stress defendants' silence as a basis for the conviction because he was emphasizing the defendants' bonds; and (3) the jury was presented with evidence of wiretapped conversations involving Garcia, which Agent Barker (who had extensive experience working with gang related crimes) interpreted as showing an attempt on the victim's life. *See Hovey*, 458 F.3d at 912. Moreover, the trial court's careful instruction—which we presume the jury followed, *Greer*, 483 U.S. at 766 n.8—underscores that the California Supreme Court could have reasonably determined that any *Griffin* error was harmless. Therefore, the California Supreme Court's decision was not an unreasonable application of *Strickland* because it is reasonable to conclude that appellate counsel was not ineffective for failing to raise a meritless claim.

**AFFIRMED.**