FILED

**NOT FOR PUBLICATION**

NOV 22 2010

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-50189 |
| Plaintiff - Appellee, | D.C. No. 2:95-cr-00345-RSWL |
| v. | |
| RAYMOND MENDEZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Ronald S.W. Lew, District Judge, Presiding

Submitted November 16, 2010[**]

Before:     TASHIMA, BERZON, and CLIFTON, Circuit Judges.

Raymond Mendez appeals from the district court's order denying his motion

for a reduction of sentence under 18 U.S.C. § 3582(c)(2). We have jurisdiction

under 28 U.S.C. § 1291, and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Mendez first contends that the district court erred in concluding that Mendez is ineligible for a sentence reduction under section 3582(c)(2). This contention is foreclosed by *United States v. Leniear*, 574 F.3d 668, 673 (9th Cir. 2009) (holding that a defendant is not eligible for a sentence reduction under section 3582(c)(2) when the application of that amendment does not result in a lower sentencing range). Here, the district court appropriately found at sentencing that Mendez was responsible for the distribution of 139 kilograms of crack cocaine. This finding of fact maintained Mendez's base offense level at 38, which did not lower his sentencing range. *See Leniear*, 574 F.3d at 673-74.

Mendez also contends that the district court procedurally erred in imposing his sentence by failing to address his mitigating argument and to adequately explain the reasons for declining to impose a lower sentence. He further contends that his guideline sentence is substantively unreasonable in light of his limited involvement in the conspiracy. Mendez's arguments are foreclosed by *Dillon v. United States*, 130 S.Ct. 2683, 2690-94 (2010) (holding that *Booker*'s holdings do not apply to section 3582(c)(2) proceedings and therefore do not require treating section 1B1.10(b) as advisory).

**AFFIRMED.**

09-50189