**NOT FOR PUBLICATION**

**FILED**

AUG 25 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.  21-50014 |
| Plaintiff-Appellee, | D.C. Nos. |
| v. | 2:95-cr-00345-RSWL-9 |
| | 2:95-cr-00345-RSWL |
| RAYMOND MENDEZ, AKA Champ, | |
| | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Ronald S.W. Lew, District Judge, Presiding

Argued and Submitted July 28, 2022
Pasadena, California

Before:  PAEZ and WATFORD, Circuit Judges, and BENNETT,** District Judge.

Raymond Mendez appeals from the district court's denial of his third motion

for a sentence reduction under 18 U.S.C. § 3582(c)(2), based on retroactive

amendments to the Sentencing Guidelines regarding crack cocaine offenses.  *See*

U.S.S.G. supp. app. C, amend. 782, 788 (2014). We have jurisdiction under 28

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable Richard D. Bennett, United States District Judge for the District of Maryland, sitting by designation.

U.S.C. § 1291. "We review a district court's § 3582(c)(2) sentence reduction decision for abuse of discretion," *United States v. Rodriguez*, 921 F.3d 1149, 1156 (9th Cir. 2019), and we affirm.

Mendez challenges the district court's order on both the eligibility and discretionary grounds under § 3582(c)(2). *See* 18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10(a)(2)(B). Because we affirm the district court's dispositive ruling that Mendez is not eligible for a sentence reduction, we do not resolve his challenge to the district court's discretionary determination.

In Mendez's first motion for a sentence reduction, the district court concluded that he was not eligible for such relief because the court made findings at sentencing that he had been involved in trafficking a quantity of crack cocaine "substantially exceeding 4.5 kilograms." *See* U.S.S.G. supp. app. C, amend. 706 (2007); U.S.S.G. supp. app. C, amend. 713 (2008). We affirmed. We held that "the district court appropriately found at sentencing that Mendez was responsible for the distribution of 139 kilograms of crack cocaine." *United States v. Mendez* ("*Mendez I*"), 404 F. App'x 209, 209 (9th Cir. 2010). Subsequently, Mendez filed a second motion for a sentence reduction. The district court denied the motion, relying on our holding in *Mendez I* to find that Mendez was ineligible because he had previously been held responsible for a quantity "substantially exceeding 8.4 kilograms of crack cocaine." *See* U.S.S.G. supp. app. C, amend. 748 (2010);

U.S.S.G. supp. app. C, amend. 750, 759 (2011).  Mendez appealed that denial, and we summarily affirmed by holding that his challenge was foreclosed by *Mendez I* as the law of the case.

"The law of the case doctrine states that the decision of an appellate court on a legal issue must be followed in all subsequent proceedings in the same case." *Alaimalo v. United States*, 645 F.3d 1042, 1049 (9th Cir. 2011).  Whether to apply the doctrine is discretionary, but "a prior decision should be followed unless (1) the decision is clearly erroneous and its enforcement would work a manifest injustice; (2) intervening controlling authority makes reconsideration appropriate; or (3) substantially different evidence was adduced at a subsequent trial." *Id.* (citing *Hegler v. Borg*, 50 F.3d 1472, 1475 (9th Cir. 1995)).

In ruling on Mendez's present motion, the district court relied on *Mendez I* to hold that he was ineligible for a sentence reduction because he had previously been found responsible for a drug quantity exceeding 8.4 kilograms.[1]  Mendez argues that *Mendez I* should no longer be the law of the case because *Rodriguez*, 921 F.3d 1149, is an intervening decision that makes reconsideration proper.  The government responds that *Rodriguez* did not change the governing standard for § 3582(c)(2) motions or the relevant disputes in this appeal.  We need not decide

---

[1] The parties agree that the amended quantity threshold for purposes of determining Mendez's eligibility is 8.4 kilograms due to the combined total offense level under Section 3D1.4 of the Sentencing Guidelines.

the extent to which *Rodriguez* changed the general standard for a drug quantity inquiry in a § 3582(c)(2) motion. It is sufficient to conclude that *Rodriguez* does not compel reconsideration of Mendez's eligibility based on the amended quantity threshold of 8.4 kilograms.

At sentencing, the district court adopted the factual statements in the presentence report ("PSR"), but also made several findings that went beyond a generic adoption of the PSR. The court found that Mendez was responsible for a drug trafficking conspiracy spanning across a large geographic region for an extended period of time. The district court resolved the parties' dispute over the government's evidentiary declarations by ruling that the declarations adequately supported the disputed drug quantity finding. On this record, *Rodriguez* did not sufficiently undermine this court's prior rulings that found Mendez responsible for more than 8.4 kilograms of crack cocaine. Accordingly, the district court did not err by applying *Mendez I* as the law of the case. *See United States v. Alexander*, 106 F.3d 874, 876 (9th Cir. 1997).

Mendez alternatively argues in his reply brief that the first exception to the law of the case doctrine also applies for the same reasons. The court "will not ordinarily consider matters on appeal that are not specifically and distinctly argued in appellant's opening brief." *Miller v. Fairchild Indus., Inc.*, 797 F.2d 727, 738 (9th Cir. 1986). But even if we considered whether the first exception applies, our

prior rulings are not "clearly erroneous," *Alaimalo*, 645 F.3d at 1049, for the same reasons previously discussed.

Because our prior rulings continue to apply as law of the case, the district court correctly concluded that Mendez is ineligible for a sentence reduction.

**AFFIRMED.**